IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO EASTERN
DIVISION

| | |
|---|---|
| **DARNELL REYNOLDS,** | ) |
| Petitioner, | ) CASE NO. 3:19-CV-1666 |
| | ) |
| v. | ) JUDGE DAN A. POLSTER |
| | ) |
| **LYNEAL WAINWRIGHT, Warden,** | ) **OPINION AND ORDER** |
| | ) |
| Respondent. | ) |
| | ) |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Parker. **Doc #: 10**. The Magistrate Judge recommends that the Court deny the habeas petition filed by Petitioner Darnell Reynolds under 28 U.S.C. § 2254. **Doc #: 1**. On May 22, 2015, Reynolds was indicted on three counts of rape with two firearm specifications, and one aggravated robbery with a firearm specification. The case proceeded to trial, and the jury returned verdicts of guilty of rape with a firearm specification (Count One), guilty of rape (Count Two) and guilty of rape with a firearm specification (Count Three).

On April 11, 2016, the State trial court sentenced Reynolds to nine-year mandatory prisoner terms for each rape count and mandatory three-year prison terms for the firearm specifications. Reynolds challenges his convictions asserting: (1) the trial court abused its decision in denying the pretrial request to sever counts in the indictment, (2) the delay caused actual prejudice that trial court erred when it denied the motion to dismiss for pre-indictment delay, (3) the victim's statement to SANE nurse as documented in medical records were improperly admitted without objection as business record exception to the hearsay rule, (4) the three rape convictions were not

1

supported by sufficient evidence and did fall against the manifest weight of the evidence. **Doc #: 10 at 6-7**.

Under the relevant statute:

> Within <u>fourteen days</u> after being served with a copy [of a magistrate judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1) (emphasis added).

In this case, the R&R was issued on October 8, 2020, and it is now November 3, 2020. Twenty-six days have elapsed since the R&R was issued, and Petitioner has neither filed objections nor a request for an extension of time to file them. The failure to timely file written objections to a R&R constitutes a waiver of a *de novo* review by the district court of any issues covered in the R&R. *See Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984); *See also United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Despite the lack of objections, the Court has reviewed Magistrate Judge Parker's thorough, well-written 37-page R&R and agrees with the Magistrate Judge's findings and recommended rulings. Therefore, the Court **ADOPTS** the R&R in its entirety, **Doc #: 10**, and denies the § 2254 habeas petition, **Doc #: 1**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster November 3, 2020*
**Dan Aaron Polster**
**United States District Judge**

2